IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | | Criminal Action No. RDB-16-0087 |
| TAEQWON PRATER, | * | Civil Action No. RDB-22-0327 |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

On September 1, 2017, Petitioner Taeqwon Prater ("Petitioner" or "Prater") pled guilty without a written plea agreement to one count of Hobbs Act Robbery ("Count 12") and one count of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) ("Count 13"). (Indictment 13–14, ECF No. 1; Arraignment, ECF No. 188.) On December 7, 2017, this Court sentenced Prater to 96 months on Count 12 and a consecutive 84 months on Count 13, for a total term of 180 months. (Judgment 2, ECF No. 217.) After this Court entered its Judgment, Prater filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit on December 11, 2017. (ECF No. 224.) The Court of Appeals affirmed this Court's Judgment on April 15, 2020. (ECF No. 344.) The Petitioner did not file a writ of certiorari to the United States Supreme Court.

Presently pending[1] is Prater's *pro se* Motion to Vacate, Set Aside, or Correct Sentence

---

[1] Also pending are Prater's Motion for Summary Judgment (ECF No. 381) and Motion to Expand the Record (ECF No. 382). The Government has not filed a response to Petitioner's supplemental pending motions. As Prater's § 2255 Motion (ECF No. 371) is DENIED, the pending Motion for Summary Judgment (ECF No. 381) and Motion to Expand the Record (ECF No. 382) are both DENIED as moot.

pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), which was filed on January 28, 2022.[2] (ECF No. 371.) The Government opposes Petitioner's § 2255 Motion and filed a response in support of its position on April 15, 2022. (ECF No. 375.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Prater's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 371) is DENIED.

## BACKGROUND

On March 9, 2016, a federal grand jury issued an Indictment charging Petitioner Taeqwon Prater and three co-Defendants—William McFadden, Marcus Cureton, and Kevin Reynolds—with nineteen counts arising from their involvement in a string of armed gas station robberies that occurred in 2015. (Indictment 1–20, ECF No. 1.) Prater was subsequently arrested on July 22, 2016. (*See* Warrant Returned Executed, ECF No. 29.) Prater ultimately pled guilty without a written agreement to Count 12, alleging Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), and Count 13, charging Prater with Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Arraignment 1, ECF No. 188.) The remaining seventeen counts were dismissed by motion of the Government. (Judgment 1, ECF No. 217.)

During Prater's sentencing on December 7, 2017, this Court rejected the U.S. Probation Officer's amendment of the Presentence Investigation Report ("PSR") to consider whether Prater should be classified as a career offender pursuant to § 4B.1 of the United States

---

[2] The envelope containing Petitioner's Motion was postmarked January 28, 2022. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (discussing prison mailbox rule).

Sentencing Guidelines ("U.S.S.G."). (ECF No. 215; Gov't Resp. Opp'n 5, ECF No. 375.) Subsequently, this Court considered the appropriate advisory Guidelines offense level, outlining the findings of the PSR and acknowledging the Government's request for a sentencing enhancement for additional relevant conduct pursuant to U.S.S.G. § 1B1.3 and Prater's challenge of the computation of his criminal history. (Gov't's Resp. Opp'n 5, ECF No. 375.) Following testimony by a Government witness, this Court found, by a preponderance of the evidence, that Prater had participated in four of the nine total robberies, which included the Hobbs Act Robbery of Count 12. (*Id.* at 6.) After calculating Prater's base offense level and additional levels for relevant conduct, this Court arrived at an adjusted offense level of 24, to which neither Prater nor the Government objected. (*Id.*) The Court also concluded that Prater's criminal history category was IV, resulting in an advisory Guidelines sentencing range of 77–96 months on Count 12, and the statutory mandatory consecutive sentence of 84 months on Count 13. (*Id.* at 7.) The Court ultimately imposed a sentence of 96 months on Count 12 and a consecutive 84 months on Count 13, for a total of 180 months. (Judgment 2, ECF No. 217.) The Petitioner filed an immediate appeal. (ECF No. 224.)

On appeal, Prater challenged this Court's application of the Sentencing Guidelines. The Fourth Circuit affirmed the judgment, holding that this Court correctly imposed a sentence of 180 months despite any erroneous sentence enhancements. *United States v. Prater*, 801 Fed. App'x 127, 128 (4th Cir. 2020); (USCA Judgment 3–4, ECF No. 344.) Citing *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019), the Fourth Circuit determined that a "Guidelines error is harmless—and, thus, does not warrant reversal—if '(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence

would be reasonable if the Guidelines issue had been decided in the defendant's favor.'" 801 Fed. App'x at 128. The Fourth Circuit emphasized that Prater's involvement in four different robberies and the sentence imposed on Prater's co-defendants warranted the given sentence. *Id.* at 128–29.

On January 28, 2022, Prater's filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 371.) The Government opposes Petitioner's § 2255 Motion and filed a response in support of its position on April 15, 2022. (ECF No. 375.) This Motion is ripe for review.

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004);

4

*Reed v. Farley*, 512 U.S. 339 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

## ANALYSIS

### I.      Petitioner's Motion is Untimely.

The Government contends that Prater's motion must be dismissed as untimely. (ECF No. 375.) 28 U.S.C. § 2255(f) imposes a one-year statute of limitations for all petitions filed under § 2255. This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* In a criminal case, a judgment of conviction becomes final upon the termination of the opportunity to further appeal. *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (finding § 2255 statute of limitations begins to run "when [the Supreme] Court affirms a conviction on the merits" or "when the time for filing a certiorari petition expires"); *Gonzales v. Thaler*, 565 U.S. 134, 149 (2012) (affirming limitations period begins upon the "conclusion of direct review" or "expiration of the time for seeking such review"). Here, the Judgment against Prater became final on July 14, 2020, when the time for filing a certiorari petition of the Fourth Circuit's April 15, 2020 decision affirming this Court's judgment expired. Prater's Motion to Vacate

5

was not filed within one year of that date; indeed, it was filed over one and a half years later, on January 28, 2022. (ECF No. 371.) For this reason, 28 U.S.C. § 2255(f)(1) does not function to bring to bring Petitioner's claim within the required timeframe.

Still, Prater contends that there were numerous events that prevented him from filing his Motion in a timely manner, including restricted access to the Bureau of Prisons' ("BOP") law library due to COVID-19 and a quarantine period as a result of becoming infected with COVID-19. (Def.'s Ex. A ¶¶ 4–5, ECF No. 371.) While equitable tolling should be applied in § 2255 cases in some instances, *see Holland v. Florida*, 560 U.S. 631, 645 (2010); *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2020), there are no grounds for equitable tolling here. A petitioner is entitled to equitable tolling if he demonstrates that: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *See Holland*, 560 U.S. at 648. Petitioner has the burden to show entitlement to equitable tolling, *id.*, and Prater has not demonstrated through his filings that either prong is satisfied. While Prater argues that the law library was restricted as of May 2020—two months before the deadline to appeal the Fourth Circuit's decision—there is no evidence that the restrictions entailed a complete bar preventing any access to the library. (Def.'s Ex. A ¶ 4, ECF No. 371); *See United States v. Lawson*, No. JKB-16-0291, 2020 U.S. Dist. LEXIS 226752, at *1–2 (D. Md. Dec. 2, 2020) (rejecting petitioner's argument that equitable tolling should apply to untimely § 2255 motion because while petitioner had alleged some impairment in his ability to access the law library, he had not stated that he was foreclosed entirely). Ultimately, Prater had a period of roughly fourteen months from the time when he alleges the BOP's COVID-19 restrictions went into place until July 14, 2021 to file a § 2255 Motion. Second, Prater's claim

6

that his infection with COVID-19 prevented his timely filing is unconvincing because he cites having COVID-19 in "mid to late [D]ecember," without referring to a specific year. (*Id.* at ¶ 5.) If Petitioner had COVID-19 in December 2020, then he was placed in quarantine for only two weeks, which would not constitute an extraordinary circumstance given the year-long timeframe in which to file. If Petitioner had COVID-19 in December of 2021 or 2022, then he was quarantined well after the expiration of the timeframe to file a § 2255 motion. Both of these arguments, taken together or alone, do not qualify for equitable tolling, as Petitioner failed to diligently pursue his rights and there was no extraordinary circumstance preventing his timely filing. Prater does not argue that he was foreclosed entirely from the prison's law library afer the BOP's implementation of COVID-19 restrictions in May 2020—which, quite simply, was almost fourteen months prior to the deadline to timely file a § 2255 motion—and Prater's bout of COVID-19 either minimally interfered with his ability to file a motion, or was well after the expiration of the filing due date. Accordingly, no equitable tolling shall be applied, and Prater's § 2255 Motion shall be DENIED as untimely.[3]

## II. Petitioner Has Failed to Establish Ineffective Assistance of Counsel.

Even if the Court were to accept Petitioner's untimely § 2255 Motion, he has still failed to present a cognizable argument for ineffective assistance of counsel. A freestanding ineffective assistance of counsel claim may be properly asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To set forth a Sixth Amendment claim for ineffective assistance of counsel, Petitioner must satisfy the two-prong

---

[3] Petitioner's argument that he was unaware of the legal basis for which his sentence was enhanced is also unavailing. (Def.'s Ex. A ¶¶ 6–7, ECF No. 371.)

test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show: (1) "that the counsel's performance was deficient;" and (2) "that the deficient performance prejudiced the defense." 466 U.S. at 687; *accord United States. v. Rangel*, 781 F.3d 736, 742 (4th Cir. 2015) ("[J]udiciary scrutiny of counsel's performance must be highly deferential." (quoting *Strickland*, 466 U.S. at 689)). When applying *Strickland*, it is unnecessary to address both prongs if the petitioner makes "an insufficient showing on one." *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Accordingly, ineffective assistance of counsel claims may be denied solely on a deficiency in either the "prejudice" prong or the "performance" prong. *See Strickland*, 466 U.S. at 697.

### A. Prater Has Failed to Allege Facts Sufficient to Satisfy the Perfomance Prong of the *Strickland* Test.

Prater has not carried his burden to show that his attorney's performance was deficient at sentencing or on appeal. The "performance" prong requires a showing that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, this Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688–89; *see Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (highlighting the importance of avoiding "the distorting effects of hindsight" (quoting *Strickland*, 466 U.S. at 689)). Counsel's performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." *United States v. Roane*, 378 F.3d 382, 404–05 (4th Cir. 2004) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). To prevail, a defendant must show that "counsel made errors so serious that counsel

8

was not functioning as the 'counsel' guaranteed to the defendant in the Sixth Amendment." *Id.* at 687–91.

Prater claims that his attorney's performance was ineffective because he did not argue against the Guidelines increase based on Prater's involvement in the other robberies. (ECF No. 371 at 15.) However, as Petitioner pled guilty, he must establish "a reasonable probability that, 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper*, 845 F.2d at 475 (quoting *Hill*, 474 U.S. at 59). In his § 2255 Motion and affidavit submitted in support, Prater makes no assertion that he would have proceeded to trial but for his counsel's performance, merely claiming that his counsel's ineffective performance resulted in an unfair sentence. (Def.'s Ex. A, ECF No. 371.) As the Fourth Circuit found in *Fields v. Attorney General*, "absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." 956 F.2d 1290, 1299 (4th Cir. 1992) (applying *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.")). These facts suggest that Petitioner would *not* "have insisted on going to trial," even if he had been granted different counsel. *Cf. Hooper*, 485 F.2d at 475. As such, Petitioner fails to allege facts that meet the "performance" prong of the *Strickland* test.

### B. Prater Has Failed to Allege Facts Sufficient to Satisfy the Prejudice Prong of the *Strickland* Test.

The "prejudice" prong requires the petitioner to demonstrate that counsel's alleged errors deprived him of a fair sentence. *Strickland*, 466 U.S. at 687. "To satisfy the second prong,

9

a petitioner must show that 'there is a reasonable probability that, but for counsel's [alleged] errors, the result of the proceeding would have been different.'" *Mahdi v. Stirling*, 20 F.4th 846, 894 (4th Cir. 2021) (quoting *Strickland*, 466 U.S. at 694). As previously noted, a petitioner faces a greater burden when he alleges ineffective assistance of counsel after a guilty plea has been entered. *Hooper*, 845 F.2d at 475. In such a case, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill*, 474 U.S. at 59; *Fields*, 956 F.2d at 1299).

Prater asserts that he suffered prejudice as a result of his ineffective counsel for two reasons. First, Petitioner alleges that his attorney failed to investigate whether Prater was a career offender under the applicable sentencing Guidelines. (Mot. Vacate 15, Def.'s Ex. A ¶ 16–20, ECF No. 371.) Second, he argues that defense counsel failed to object to inclusion of relevant conduct at sentencing. (*Id.*) These arguments are unavailing.

First, the Petitioner was not sentenced as a career offender, thus negating that assertion. (ECF No. 375 at 5.) Second, as the Fourth Circuit held, despite any errors in the Guidelines enhancement of Prater's sentence, the forty-five-month upward variance in Prater's sentence was reasonable due to his participation in four different robberies and the need to avoid unwarranted sentencing disparities. *United States v. Prater*, 801 Fed. App'x 127, 128–29 (4th Cir. 2020). Although the Fourth Circuit acknowledged that this Court erred in its application of the two Guidelines enhancements—an issue which Prater asserts in his § 2255 Motion—the Fourth Circuit ultimately concluded that this Court correctly determined that a 180-month sentence was appropriate punishment for Prater. *Id.*; (Mot. Vacate 13–14, ECF No. 371.)

Furthermore, Petitioner's sentence does not exceed the statutory maximum as he contends. While Prater was sentenced to 96 months on Count 12—which was on the higher end of the advisory Guidelines recommendation—the statutory maximum for the offense is a term of twenty years (240 months). (PSR 13, ECF No. 199.) The statutory range for Count 13 is a minimum of seven years (84 months) to a maximum of life imprisonment, and Prater received the statutory mandatory minimum consecutive sentence of 84 months for this charge. Accordingly, the Petitioner does not meet the "prejudice" prong required of the *Strickland* test.

## CERTIFICATE OF APPEALABILITY DENIED

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 5th day of July, 2023, that:

1. Petitioner Taeqwon Prater's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 371) is DENIED;

2. A Certificate of Appealability shall not issue and is DENIED;

3. Petitioner's Motion for Summary Judgment (ECF No. 381) is DENIED as moot;

4. Petitioner's Motion to Expand the Record (ECF No. 382) is DENIED as moot.

5. The Clerk of the Court shall send copies of this Memorandum Order to the Petitioner and Counsel of record; and

6. The Clerk of this Court shall CLOSE this case (Civil Action No. RDB-22-0327).

/s/
Richard D. Bennett
United States District Judge